[S. F. No. 5309. In Bank.—July 12, 1909.]

N. W. HALSEY et al., Copartners etc., Petitioners, v. JAMES N. GILLETT, Governor of the State of California et al., Respondents.

San Francisco Sea-wall Bonds—Execution by Officers in Office at Date of Bonds.—As all the bonds authorized to be issued under the act of March 20, 1903, commonly known as the San Francisco Sea-wall Act, are required to bear date the second day of January, 1905, the governor, controller, and treasurer of the state of California then in office were the proper officers to execute them.

APPLICATION for a Writ of Mandate directed to the Governor, the Controller, and the Treasurer of the State of California.

The facts are stated in the opinion of the court.

Goodfellow & Eells, for Petitioners.

BEATTY, C. J.—This is a petition for a writ of mandate.
Omitting merely formal allegations the facts alleged in the
petition are the following:—

"That at the thirty-fifth session of the legislature of the state
of California there was duly enacted by said legislature an act
entitled 'An act to provide for the issuance and sale of state
bonds to create a fund for the construction by the board of
state harbor commissioners of a sea-wall and appurtenances in
the city and county of San Francisco; to create a sinking fund
for the payment of said bonds, and providing for the submis-
sion of this act to a vote of the people,' which said act was
duly approved by the governor on the 20th day of March,
1903. That said act was thereafter submitted to the people of
the state of California for their ratification by the proclama-
tion of the governor of said state of California calling for a
general election by the people of said state to be held in the
month of November in the year 1904, in which proclamation
the said governor included the submission of said act of the
legislature, and said act was duly ratified at said general elec-
tion by receiving a majority of all the votes cast for and
against it at said election; and ever since the said election
said act, commonly known as 'The San Francisco Sea-wall Act'
has been and is in full force and effect.

"That in said month of November, 1904, after and pursuant
to said election and in accordance with section 10 of said act,
the governor of California made due proclamation that said
act had been so ratified and was in full force and effect, and
thereupon, in accordance with the provisions of section 1 of
said act Truman Reeves, who was then state treasurer of the
state of California, did prepare as such state treasurer two
thousand suitable bonds in the form prescribed by said act;
the said several bonds being numbered consecutively from 1
to 2000 inclusive; and the said bonds were then in or about
the month of December, 1904, signed by George C. Pardee as
governor of said state, and were countersigned by E. P.
Colgan as controller of the state of California, and were
indorsed by Truman Reeves as state treasurer of the state

of California, and each bond then had the seal of the state of California stamped thereon; and to each of said bonds when so signed in the year 1904 were attached interest coupons in accordance with said act, which coupons were consecutively numbered on each bond, and were each signed by Truman Reeves as the state treasurer of the state of California. That each of said bonds bore date of the 2nd day of January, 1905, and in said month of December, 1904, and on said second day of January, 1905, the said George C. Pardee was the governor of the state of California; and the said E. P. Colgan was the controller of said state, and the said Truman Reeves was the state treasurer of said state; but none of said persons is the holder of any of said offices at the present time, or did hold the same at any time since January, 1909.

"That of said 2000 bonds, 1250 of the bonds, numbered 1 to 1250 inclusive, were by the state treasurer sold at public auction and delivered to the highest bidder for cash, prior to January 1st, 1909.

"That on the 6th day of May, 1909, the board of state harbor commissioners of the state of California, at a meeting regularly called and held on said day, duly passed and adopted a resolution requesting the said Hon. James N. Gillett, as governor of the state of California, to direct the sale of five hundred (500) of the bonds to be issued under said San Francisco Sea-wall Act then remaining unsold; and thereafter the said governor under seal of the state of California did direct said William R. Williams, as state treasurer of said state, to offer for sale, and to sell at public auction to the highest bidder for cash as provided in said act, five hundred of the bonds authorized by said act, to wit; bonds numbered 1251 to 1750 both inclusive; and did further direct that said 500 bonds be sold in one parcel; that said treasurer thereafter and on the 24th day of May, 1909, caused notice of the public auction of said bonds to be given as required by said act, stating therein that said state treasurer would sell said bonds numbered 1251 to 1750 inclusive; as authorized and required by said act on Friday the 2nd day of July, 1909, at the hour of two o'clock P. M. of that day at the office of the state treasurer in the state capitol building at Sacramento, California. A copy of said notice is hereto attached and marked 'Exhibit A' and made a part of this petition.

"That on said 2nd day of July, 1909, at the hour and place aforesaid, the said state treasurer William R. Williams did offer for sale at public auction five hundred of the bonds authorized and directed to be issued by the said act in accordance with the said notice; and your petitioners, as copartners as aforesaid, did then and there bid and offer for the said five hundred bonds in United States gold coin the sum of five hundred thousand (500,000) dollars, together with all interest accrued and to accrue upon said bonds to the time of their delivery to your petitioner; and also the further sum of $3025 premium or bonus upon said bonds. That said bid by your petitioners was the highest and best bid made to or received by the said state treasurer at said sale, and was by the said treasurer accepted, and the said state treasurer did then and there award and sell all of the said 500 bonds to your petitioners as copartners as aforesaid.

"That the said state treasurer William R. Williams has offered and tendered to your petitioners as and for the bonds so sold to them 500 of the bonds which were so signed in the year 1904 by the said Pardee as governor, and countersigned by the said Colgan as controller and indorsed by the said Reeves as state treasurer, and has refused to date or cause to be dated any of said bonds as of the year 1909, or to indorse any of said bonds or to sign the coupons thereto attached as state treasurer of the state of California, and does refuse so to do; and the said James N. Gillett and A. B. Nye have refused and do refuse to sign or countersign any of said bonds so sold and tendered to your petitioners as governor or controller of said state and none of said bonds so tendered or offered to your petitioners by the said state treasurer are signed or authenticated in any manner except by the signature of said state officers in the year 1904.

"That by such refusal so to sign, countersign and indorse said bonds and to sign their coupons, the said governor, controller and treasurer, defendants herein (as your petitioners are informed and believe) have violated and are violating the provisions of said San Francisco Sea-wall Act, relating to the issuance and execution of said bonds; and the 500 bonds so tendered and offered to your petitioners by the said state treasurer as aforesaid have not been signed or executed by the proper officers of the state of California as required and

directed by said act; that your petitioners as copartners as aforesaid are ready and willing to pay the state treasurer the full amount of their said accepted bid in exchange for and upon receipt of five hundred bonds executed in accordance with said act, and it is the express duty of said officers, defendants herein, so to sign, countersign and indorse the same. That unless said bonds shall be so signed, countersigned, and indorsed by the defendants, your petitioners will suffer great loss and hardship, and that your petitioners have no plain, speedy or adequate remedy at law for the wrongs hereby complained of.

"That in the opinion of your petitioners it is proper that the writ herein applied for should issue originally from this honorable court without previous application to a lower court, because the construction and meaning of said act of the legislature, herein involved, was recently before your honors in the application made by E. C. Graham to this honorable court for a similar writ of mandate to the same state officers; which application, numbered S. F. 5294, was denied by your honors because said Graham, not being a purchaser or holder of any of said bonds has no *status* entitling him to invoke the remedy sought by him.

"Your petitioners make this application to your honors in the first instance for the further reason that the validity and value of the bonds of the state of California already issued, and to be issued and sold by the state, will be determined by the court's decision, and the question is therefore of great public interest, affecting large property values, which must ultimately come before your honors for decision, in order to end all doubts of investors who may wish to purchase any of said bonds."

Upon these allegations of fact the petitioners pray "that an alternative writ of mandate issue herein out of this court directed to the defendants above named, and each of them, requiring and commanding them to immediately execute said 500 bonds numbered 1251 to 1750 inclusive in accordance with said act; that is to say, that the said defendant Hon. James N. Gillett be required to sign said 500 bonds, and each of them, as governor of the state of California; that said defendant A. B. Nye be required to countersign said bonds and each of them as controller of the state of California; that

said defendant William R. Williams be required to indorse said bonds and each of them as treasurer of the state of California; and also to sign each of the interest coupons attached to said bonds maturing subsequent to said second day of July, 1909, and thereupon to deliver said five hundred bonds with their coupons to your petitioners upon receipt of five hundred and three thousand and twenty-five ($503,025) dollars, with all accrued interest as shown by said coupons up to the date of such delivery to your petitioners. And further that the said defendants above named be required to do any and all things necessary for the due and legal execution and issuance of said bonds in the manner required by law; and that upon the hearing of this cause, the said writ be made absolute; and that your petitioners may have such other relief, judgment and order as may be meet in the premises."

The statute authorizing the issuance and sale of the bonds described in the petition is somewhat ambiguous, but since the whole two thousand bonds authorized are required by the act to bear date the second day of January, 1905, the better construction of its equivocal provisions seems to be that the governor, controller, and treasurer then in office were the proper officers to execute them, and such having been their construction of the act evidenced by their cotemporaneous action, we hold that the bonds tendered to the plaintiff were duly and properly executed according to law.

For that reason only the writ is denied.

Shaw, J., Angellotti, J., Sloss, J., and Lorigan, J., concurred.